# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

MARIO WILLIAMS,                )
                               )
            Plaintiff,         )
                               )
        v.                     ) No. CIV-09-468-FHS-SPS
                               )
CORRECTIONS CORPORATION OF     )
AMERICA, Inc., et. al.,        )
                               )
            Defendants.        )

## ORDER

Plaintiff, Mario Williams, appearing *pro se*, has filed with this court a civil rights complaint pursuant to 42 U.S.C. Sec. 1983 pertaining to his stay at the Davis Correctional Facility. The Davis Correctional Facility is a medium/maximum security prison owned and operated by Corrections Corporation of America, Inc. The individual defendants are employed by Corrections Corporation of America, Inc., at the Davis Correctional Facility.

At all times relevant to his complaint, plaintiff was housed at the Davis Correctional Facility. To exhaust his administrative remedies pursuant to the Department of Corrections grievance procedures for all claims not involving misconducts, a prisoner within Department of Corrections's custody is required to attempt informal resolution of his claim. According to Rebecca Adams, grievance coordinator for the Davis Correctional Facility, Holdenville, Oklahoma, the grievance log does not show a grievance having been properly submitted concerning the issues presented in plaintiff's complaint. Defendants claim plaintiff failed to submit his informal grievance to the unit clerk as he was required to do under the procedures in place. Plaintiff

1

alleges he attempted to exhaust his administrative remedies but the defendant would not accept it. He claims there is no requirement to submit the grievance to a unit clerk. However, in a supplement filed with the court defendants did submit a policy which showed the inmate is required to file the informal grievance form with the unit clerk. Plaintiff failed to do this.

A plaintiff is required to exhaust each claim prior to bringing litigation. The Prison Litigation Reform Act provides:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal Law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted. 42 U.S.C. Sec. 1997e(a).

In <u>Jernigan v. Stuchell</u>, 304 F.3d 1030, 1032 (10th Cir. 2002) the Tenth Circuit Court of Appeals stated:

> An inmate who begins the grievance process but does not complete it is barred from pursuing a 42 U.S.C. Sec. 1983 claim under the Prison Litigation Reform Act for failure to exhaust his administrative remedies. <u>Wright v. Hollingsworth</u>, 260 F.3d 357, 358 (5th Cir. 2001). In <u>Wright</u>, an inmate alleged that he had substantially complied with the administrative procedures but did not see the process to its conclusion. The court noted that the PLRA does not "enable judges, by creative interpretation of the exhaustion doctrine, to prescribe or oversee prison grievance systems." <u>Wright</u> at 358.

The express language of 42 U.S.C. Sec. 1997e(a) mandates exhaustion in all suits "brought with respect to prison conditions". In the face of such a clear directive, the court cannot weigh the fairness of the exhaustion requirement or entertain exemptions from its reach. <u>Porter v. Nussle</u>, 534 U.S. 516 (2002)(holding exhaustion required for all prisoner suits,

2

regardless of whether they involve general circumstances of incarceration or particular episodes, and whether they allege Eighth Amendment violation based on use of excessive force or some other wrong.)

After careful review, the court finds the plaintiff has simply failed to exhaust his administrative remedies as to his claims. Accordingly, defendants' motion to dismiss is hereby **GRANTED**.

**IT IS SO ORDERED** this 24th day of August 2010.

Frank H. Seay
United States District Judge